

FILED

AUG 2 9 2006

CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

*******************************************************************

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 05-40064 |
|  | * |  |
| Plaintiff, | * |  |
| vs. | * |  |
|  | * | MEMORANDUM OPINION |
| CESAR SARMIENTO; | * | AND ORDER |
| RICHARD GODSCHALK; | * |  |
| MARIA MISLYN; | * |  |
| LUVI RODRIGUEZ; | * |  |
| JUAN RODRIGUEZ; and | * |  |
| BUD THEUS, III, | * |  |
|  | * |  |
| Defendants. | * |  |

*******************************************************************

Pending before the Court is a Motion for Judgment of Acquittal of Defendant Bud Theus, III, which the Court had taken under advisement at the time of trial. Counsel for the parties have each submitted a brief in response to the Court's Order of July 10, 2006.

Setting aside the facts which do not bear on this issue, the fact is that Delbosque is the common thread. He was selling cocaine to two different groups of people who were in turn selling the cocaine in the Sioux Falls area. In the case of Defendant Theus, he bought powder cocaine from Delbosque and then rocked up the cocaine and sold it as crack cocaine, sometimes with the help of his uncle, Roosevelt Scott. There was no evidence that Theus knew of anyone named in the charged conspiracy. Neither Delbosque nor Scott are named in this conspiracy. Roosevelt Scott was the only Defendant in CR 04-40098 filed August 26, 2004 and charged in two counts with conspiracy and possession with intent to distribute a controlled substance, crack cocaine. Delbosque and Jose Ruiz were charged in CR 04-40114 filed October 20, 2004 with two counts of conspiracy to possess with the intent to distribute controlled substances, powder cocaine and marijuana. It is well established that various members of a conspiracy need not know each other or know of each other and there can be unnamed members in a conspiracy charge.

What Theus did know that is relevant to this inquiry is that he could and did buy powder cocaine from Delbosque as a cash buyer with no fronting. There is no evidence that Theus knew of the dealings by Delbosque with others. Theus might have assumed that he was not Delbosque's only customer, but we do not know that. Such an assumption without evidentiary support cannot support this conspiracy conviction. Circumstantial evidence can support a conviction, but a supposition of an assumption with nothing more is not circumstantial evidence.

The United States quoted the statement from *United States v. Savatdy*, No. 05-3375, 2006, WL 1880366 at #2 (8th Cir. July 10, 2006)(a case that originated in this Court): "To establish that [a defendant] conspired to distribute methamphetamine, the government must prove: (1) that there was a conspiracy - an agreement to distribute methamphetamine; (2) that [the defendant in question] knew of the conspiracy; and (3) that [the defendant in question] intentionally joined the conspiracy." The conspiracy for which Scott was separately indicted involved possession with intent to distribute crack cocaine. Although there was evidence presented linking Theus to the separate conspiracy for which Scott was indicted, the evidence presented at the Theus trial did not establish that Theus conspired to distribute cocaine as is charged in the Indictment filed May 19, 2005 against Theus and his alleged co-conspirators.

The conspiracy that the Defendant Theus knew of was the one he was involved in with Defendant Scott and Defendant Delbosque, those Defendants as mentioned above each being a Defendant in separate drug cases before this Court, CR 04-40098 and CR 04-40114.

The United States relies in part upon *United States v. Pou*, 953 F.2d 363, 369-370 (8th Cir. 1992) but that is a case where only a single conspiracy existed even though membership varied. In *United States v. Barth*, 424 F.3d 752, 760 (8th Cir. 2005) the Court observed while considering whether there were separate conspiracies or prejudice resulting from separate conspiracies: "All possible conspiracies involved the same drugs, locations of supply, means of transportation, and points of distribution." Both the three person conspiracy between Delbosque, Scott, and Theus,

and the conspiracy charged here between Sarmiento, Godschalk, Mislyn, and Luvi and Juan Rodriguez, with Delbosque surely being an unindicted co-conspirator, did have the same illegal goal, that is to distribute controlled substances in the Sioux Falls area. The Courts have looked at whether it was the same drug. Given the difference accorded in sentencing, crack cocaine cannot be considered to be the same drug as powder cocaine. Those facts do not, however, lend any support to the evidence necessary to support a conviction of the conspiracy as charged, "that [the defendant in question] knew of the conspiracy", as is required by *Savatdy, supra*.

Although a defendant may be convicted for even a minor role in a conspiracy, the Government must still prove beyond a reasonable doubt that he or she was a member of that conspiracy. *United States v. Lopez*, 443 F.3d 1026, 1030 (8th Cir. 2006). If the evidence which was presented at trial by the United States against Theus were enough to support the charged conspiracy conviction, then all drug dealers buying from a common supplier with nothing more for conspiracy evidence will be co-conspirators. This Court does not believe that is the law. "A single conspiracy does not exist simply because there are multiple participants dealing with a common central player." *United States v. Dennis*, 917 F.2d 1031, 1032 (7th Cir. 1990).

The United States also relies upon the claimed factual similarity of the *Savatdy* case to the present case. The factual similarity claimed is not present. In *Savatdy*, the jury apparently believed "Ed's" testimony, infirm as it was, and that was enough to support the conviction. There is not even infirm evidence here to show that Theus knew of the charged conspiracy.

Defendant Theus could have been charged with possession of the crack cocaine with intent to distribute as well as conspiracy as Defendant Scott was charged in his case. There was more than sufficient evidence introduced to support a conviction of Theus for possession with intent to distribute crack cocaine had that been charged. The Court cannot, however, overlook the lack of direct or circumstantial evidence to support the different proof necessary for a conspiracy conviction for the charged conspiracy.

3

Other legal authority concerning the difference between the charge and proof, or a variance, must also be considered. When a defendant contends the evidence proves a different conspiracy than the one charged in the indictment, "[w]e will reverse only if we find the evidence adduced at trial does not support a finding of a single conspiracy, and we determine [the defendant] was prejudiced by the variance," *United States v. Benford*, 360 F.3d 913, 914 (8th Cir. 2004), quoted in *United States v. Rodriguez*, No. 05-1642, 2006 WL 2010865 (8th Cir. July 20, 2006)(unpublished).

"A variance results where a single conspiracy is charged but the evidence at trial shows multiple conspiracies." *United States v. Morales*, 113 F.3d 116, 119 (8th Cir. 1997). In the present case, a single conspiracy was alleged and not one but two conspiracies were proven. Defendant Theus was not proven to be a part of the charged conspiracy. Defendant Theus was proven to be a part of the other conspiracy that was also proven but was not charged. As a result, there was a variance between the indictment and the proof as to Defendant Theus.

In *Benford*, in considering the second or prejudice prong of the variance test, the Eighth Circuit stated at 914:

> Furthermore, we conclude Benford suffered no prejudice because he was the only defendant being tried, and he would clearly be "implicated in any other conspiracy the evidence could [conceivably] prove." *Id.* at 781.

The Court was quoting from *United States v. Lopez-Arce*, 267 F.3d 775, 781 (8th Cir. 2001). The Court also observed at 914 that "*Benford* must first establish the existence of a variance, and he must show the variance affected his substantial rights."

The final inquiry for this case then becomes whether or not the variance infringed upon Defendant Theus' substantial rights. A variance infringes upon a Defendant's substantial rights when:

> (1) the defendant could not reasonably have anticipated from the indictment the evidence to be presented against him; (2) the indictment is so vague that there

4

is a possibility of subsequent prosecution for the same offense; or (3) the defendant was prejudiced by a 'spillover' of evidence from one conspiracy to another.

*United States v. Barth*, 424 F.3rd 752, 759 (8th Cir. 2005).

Of the three tests, only the first is of concern. Theus knew he was charged with buying cocaine for resale during at least a portion of the time period alleged in the Indictment. Theus knew this activity took place primarily within the District of South Dakota as charged in the Indictment. Delbosque was not named as a co-conspirator but Theus knew from the Indictment that he was charged with conspiring with others named and unnamed to distribute and possess with intent to distribute a controlled substance, cocaine. Theus also knew that the Indictment charged him with this activity within a time period from January of 2002 to October of 2004. Theus also knew from the Indictment that the primary location of this charged activity was in the District of South Dakota. Theus did not know from the Indictment who the other unnamed co-conspirators were, but he knew from the Indictment that such persons were alleged to exist. Even though the Indictment did not name either Genaro Delbosque or Roosevelt Scott, Theus could reasonably have anticipated that Delbosque and Scott would be among the unnamed co-conspirators in this drug conspiracy Indictment.

As to the second test, the Indictment is not so vague that there is a possibility of subsequent prosecution for the same offense.

As for the third test, this was not a complex conspiracy with a large number of participants. Evidence of the two conspiracies was quite distinct. Theus was buying powder cocaine and rocking it up and then selling the crack cocaine himself or through Roosevelt Scott. It would not have been difficult for the jury to compartmentalize the evidence. The Court does not find any spill over prejudice from the evidence of the charged conspiracy. The trial focused on Juan Rodriguez and the extensive evidence regarding his powder cocaine distribution. It was easy to compartmentalize from the separate and less extensive but strong evidence concerning Theus and his crack distribution.

5

Accordingly, with none of the three tests for substantial prejudice from this variance having been met, the defense motion for judgment of acquittal is denied.

IT IS ORDERED:

1.  That the Motion for Judgment of Acquittal of Defendant Bud Theus, III, is denied.

2.  That the sentencing of Bud Theus, III will be held on Wednesday, September 6, 2006, at 1:30 P.M., in Sioux Falls, South Dakota.

Dated this 29th day of August, 2006.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
DEPUTY

6