UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| BUD THEUS III, | \* | CIV 08-4110 |
| | \* | CR 05-40064 |
| Petitioner, | \* | |
| | \* | MEMORANDUM OPINION AND |
| -vs- | \* | ORDER DISMISSING MOTION UNDER |
| | \* | § 2255 TO VACATE, SET ASIDE, OR |
| UNITED STATES OF AMERICA, | \* | CORRECT SENTENCE |
| | \* | |
| Respondent. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Pending before the Court is Petitioner Bud Theus III's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. Doc. 376. Under Rule 4 of the Rules Governing Section 2255 Proceedings, this Court must examine a 2255 Petition and if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." For the reasons set forth in this memorandum opinion, the motion under 28 U.S.C. § 2255 is dismissed.

## BACKGROUND

Bud Theus III was indicted for conspiracy to distribute or possess with intent to distribute 5 kilograms or more of a mixture or substance containing cocaine. After a jury convicted Theus of the charged conspiracy and before sentencing, this Court ordered and received briefing from the parties regarding the Motion for Judgment of Acquittal made by Theus and taken under advisement by the Court at the time of trial. Theus maintained that the Government failed to prove the single conspiracy charged in the Indictment. Doc. 311.

In this Court's Memorandum Opinion and Order dated August 29, 2006, this Court denied Theus' Motion for Judgment of Acquittal. Although this Court concluded that a variance existed because Theus was not proven to be a part of the charged conspiracy but was proven to be a part of a conspiracy which was proven but not charged. This Court concluded, however, that the variance

did not infringe upon Theus' substantial rights. Doc. 319.

Theus appealed from the Judgment of Conviction and Sentence. Theus argued on appeal that the evidence was insufficient to convict him and the this Court erred by failing to recognize that a variance between the conspiracy for which Theus was convicted and the conspiracy alleged in the Indictment affected his substantial rights. After briefs were submitted and oral argument was presented, a panel of the Eighth Circuit Court of Appeals affirmed the judgment of conviction after concluding that even if there was a variance, Theus' substantial rights were not affected and there was sufficient evidence to support his conviction. Doc. 355.

## DISCUSSION

Theus first claims: "The evidence was insufficient to convict Theus and that the district court erred by failing to recognize that a variance between the conspiracy for which Theus was convicted and the one alleged in the indictment affected his substantial rights." A section 2255 movant cannot raise the same issues that have been decided on direct appeal. *See United States v. Kraemer*, 810 F.2d 173, 177 (8th Cir. 1987) (per curiam). These claims are identical to those presented to and decided by the Eighth Circuit Court of Appeals and the Eighth Circuit's holding forecloses consideration of these issues in this 2255 motion.

Theus next claims that counsel was ineffective for failing to raise a Rule 33 motion for new trial. The performance of counsel is ineffective when it is deficient and results in prejudice to the defendant. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Prejudice occurs where, in the absence of counsel's deficient performance, "the decision reached would reasonably likely have been different." *Id.* at 696. The issues Theus claims should have been raised in a Rule 33 motion were those that were raised in the Motion for Judgment of Acquittal and on direct appeal. Theus has failed to demonstrate either deficient performance by counsel or prejudice to Thues for counsel having raised the issues in his case by a Motion for Judgment of Acquittal.

Theus also complains that counsel failed to submit a supplemental brief after both parties were ordered by the Eighth Circuit Court of Appeals to submit simultaneous briefs on Theus' contention that he suffered prejudice as a result of the spillover of evidence from one conspiracy to the other. The record in the Eighth Circuit establishes that counsel argued the spillover issue in his

initial brief and at oral argument. Also, a docket entry on May 14, 2007, notes that counsel moved the Eighth Circuit to accept appellant's pro se motion for leave to file supplemental citation as counsel's supplemental brief. Although this Court does not condone counsel's failure to strictly adhere to the Eighth Circuit's request for briefing, this Court after reviewing the record and listening to the recording of oral argument before the Eighth Circuit is satisfied that counsel competently presented the variance spillover issue and that Theus was not prejudiced by the failure to file the supplemental brief as ordered. Accordingly,

**IT IS HEREBY ORDERED** that Theus' motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 (Doc.376) is dismissed.

Dated this 25th day of August, 2008.

BY THE COURT:

/s/ Lawrence L. Piersol
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Shelly Margules
    (SEAL)     DEPUTY